Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50459 | **DATE** | 11/21/2002 |
| **CASE TITLE** | Bryan vs. Dean Foods Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion to Compel

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion and order, Plaintiff's Motion to Compel is granted in part and denied in part. Defendant's are ordered to respond to Plaintiff's Interrogatory #17 as it applies to Defendant's Belvidere, Huntley and Chemung facilities in Illinois

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | 13 |
| | Notified counsel by telephone. | | NOV 23 2002 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/21/2002 date mailed notice | |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| DANNY BRYAN, | ) |
| | ) |
| Plaintiff, | ) Case No. 01 C 50459 |
| | ) |
| v. | ) Philip G. Reinhard |
| | ) P. Michael Mahoney |
| DEAN FOODS COMPANY, | ) |
| | ) |
| Defendant. | ) |

## Memorandum Opinion and Order

Danny Bryan ("Plaintiff") filed a Motion to Compel ("Plaintiff's Second Motion to Compel") pursuant to Rule 37(a)(2)(B). In response to Plaintiff's Second Motion to Compel, Dean Foods Company ("Defendant") filed Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel ("Defendant's Opposition to Plaintiff's Motion to Compel"). On November 1, 2002, Plaintiff's Second Motion to Compel was presented to the Magistrate Judge. At that time, an in court hearing took place which all but eliminated the need for Plaintiff's Second Motion to Compel, leaving only one interrogatory for the Magistrate Judge to rule on.[1] After allowing both parties an opportunity to address in written memoranda the remaining interrogatory at issue, Plaintiff filed Plaintiff's Response to Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel ("Plaintiff's Response"). Defendant then filed Defendant's Reply in Support of Its Memorandum in Opposition to Plaintiff's Motion to Compel ("Defendant's Reply"). For the following reasons, Plaintiff's Motion to Compel is granted in part and denied in part.

---

[1] There appears to be some confusion as to what is left to rule on after the November 1, 2002 hearing. After reviewing the record, it is the Magistrate Judge's understanding that as originally written and ruled upon by the Magistrate Judge, Interrogatory #10 was improper, thus leaving only a dispute as to Interrogatory #17.

## Background

Plaintiff brought this action against Defendant alleging an American's with Disabilities claim. (Compl. at ¶1). Specifically, Plaintiff alleges that on or about April 2000, while working in Defendant's Belvidere, Illinois facility, the Defendant became aware of Plaintiff's disability of mental impairment. (*Id.* at ¶6). This, Plaintiff alleges, led to falsely accusing Plaintiff of reporting to work under the influence of alcohol or illegal drugs and the eventual termination of Plaintiff. (*Id.* at ¶8). On August 23, 2002, Plaintiff filed a Motion Pursuant to Rule 37(a)(2)(B) to Compel ("Plaintiff's First Motion to Compel") Defendants to answer Interrogatory #10, which sought, *inter alia*, the identity of all employee complaints of discrimination, harassment, or retaliation and for each, the person complaining, the persons complained of, and the acts or circumstances of each complaint. The Magistrate Judge, on August 28, 2002, denied Plaintiff's Motion to Compel as too broad. On October 23, 2002, Plaintiff filed Plaintiff's Second Motion to Compel. In it, Plaintiff seeks to compel Defendant to answer Interrogatory #17, which took the place of Interrogatory #10. Interrogatory #17, as currently written, differs from Interrogatory #10 in that it only requests the identity of employee complaints of disability discrimination and does not mention harassment or retaliation.

## Discussion

Under Federal Rules of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 37(a)(2)(B) enforces this obligation by providing "[i]f a ... party fails to answer an interrogatory submitted under Rule 33, ...

2

the discovering party may move for an order compelling an answer, ... ." Fed. R. Civ. P. 37(a)(2)(B).

**Plaintiff's Argument**

The remaining dispute in Plaintiff's Motion to Compel seeks, *inter alia*, information regarding employee complaints of disability discrimination against Defendant corporation.[2] The crux of the remaining issue is the scope of discoverable material. Plaintiff seeks discovery on Defendant employee complaints of disability discrimination from Defendant's facilities all across the country, not merely the Belvidere facility. Plaintiff (as well as Defendant) relies on the affidavit of George Spadoni ("Spadoni"), Area Human Resource Manager, as support for this position. In a October 12, 2000 letter addressed to Plaintiff, Spadoni and three other individuals advised Plaintiff that he was being terminated for suspicion of reporting to work under the influence of alcohol or illegal drugs. However, although not provided by either side to the Magistrate Judge, Spadoni's affidavit apparently does not advise how many facilities are included in his area as Area Human Resource Manager or to what extent Spadoni did or did not rely on policies and/or procedures outside the Belvidere facility in terminating Plaintiff's employment. (Pl.'s Resp. at 3). Plaintiff further asserts that Spadoni, in his affidavit, is allegedly aware and has knowledge of Defendant's 220 facilities, the 30,000 workers at those facilities and the management styles and methods of handling discrimination complaints at each of those facilities. (*Id.*)

---

[2]Interrogatory #17, at issue, provides:
    Identify all employee complaints of disability discrimination
    and for each, identify the person complaining, identify the
    persons complained of, the acts or circumstances of each
    complaint, the date of the acts or occurrences, the date of
    the complaints, the response of the Defendant to the complaint,
    identify the persons investigating the complaint and provide
    management's response to the complaint and identify all
    documents related thereto.

3

Additionally, Plaintiff asserts that after the in court hearing, Plaintiff obtained additional information which indicates that the Defendant has five dairy plaints in the State of Illinois (i.e. Belvidere, Chemung, Huntley, Rockford and O'Fallon). (*Id.*). Also, Plaintiff provided a letter dated March 1, 2001, which is addressed to Spadoni at the Chemung facility, as support that Spadoni's responsibilities extend beyond the Belvidere facility. Ultimately, Plaintiff requests the Magistrate Judge order Defendant to provide information pertaining to Interrogatory #17 for all facilities over which Spadoni exercised any responsibility or from which he received any direction or communication related to disability discrimination.[3]

**Defendant's Argument**

Defendant, on the other hand, seeks to limit Plaintiff's discovery to only the Belvidere, Illinois facility, which is where the instant suit originated. Defendant argues the decision to terminate Plaintiff was made locally, based on work rules and a collective bargaining agreement which apply only to the Belvidere facility. (Def.'s Reply at 4). Defendant cites *Byers v. Illinois State Police*, No. 99 C 8105, 2002 WL 1264004 (N.D. Ill. June 3, 2002), as support for its argument. Although *Byers* does not appear to involve a collective bargaining agreement, *Byers* does support the notion that "[i]f the decision was made locally a court may properly limit discovery to the

---

[3] The Plaintiff also requests the Magistrate Judge order Interrogatory #17 be answered as it applies to all Defendant's facilities because, as Plaintiff asserts, "company wide evidence of disability discrimination is reasonably calculated to lead to admissible evidence of the issue of punitive damages." (Pl.'s Resp. at 4). Plaintiff further asserts that "[e]ach plant or limited groups of plants should not be treated separately for the purpose of the award of punitive damages." (*Id.* at 5). However, Plaintiff cites no support for this proposition and the Magistrate Judge, and apparently the Defendant, can find none either. The Defendant, from the start, has asserted that the Belvidere facility acts independently of all Defendant's other facilities. Except as provided for in this order, the Magistrate Judge has no evidence to dispute Defendant's position and therefore, cannot order Defendant to answer Interrogatory #17 as it applies company wide.

4

plaintiff's local work unit." 2002 WL 1264004, at *6 (relying on *Carman v. McDonnell Douglas Corp.*, 114 F.3d 790, 792 (8th Cir. 1997). However, *Byers* also supports the notion that "if a plaintiff can establish that the employment decision was made by someone outside of her work unit, then she is entitled to broader discovery." *Id.*

Additionally, Defendant relies on *Johnson v. Metromedia Communications Corp.*, No. 92 C 4073, 1992 WL 346435, at *2 (N.D. Ill. Nov. 18, 1992) for the notion that "the most natural focus is upon the source of the complained of discrimination - the employing unit or the work unit." *Id.* (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)). However, where the Defendant leaves off, *Johnson* further indicates "factors that play a role in the decision whether or not to allow the requested discovery would include the number and geographical dispersion of the employer's facilities, similarities or differences in the work performed at different facilities, and **whether or not a common decisionmaker is involved in employment decisions.**" 1992 WL 346435, at *2 (emphasis added). Defendant ultimately, after acknowledging in a footnote that Spadoni was responsible for employees at the Belvidere, Huntley and Chemung facilities in Illinois, asks the Magistrate Judge to not compel any information beyond Defendant's Belvidere facility. (Def.'s Reply at 4).

Without more information regarding the decision-making policies of the Defendant, the Magistrate Judge is hard pressed to grant Plaintiff's motion to extend to all facilities throughout the country. Plaintiff has yet to provide any evidence that contradicts Defendant's assertion that the Belvidere facility is wholly independent when dealing with employee disability discrimination claims. However, Defendant cannot expect discovery to be limited to the Belvidere facility after acknowledging that Spadoni was responsible for employees at the Belvidere, Huntley and Chemung

5

facilities in Illinois. At the very least, it appears Spadoni, one of the decisionmakers in this case, is involved in employment decisions at the Belvidere, Huntley and Chemung facilities. *See Johnson*, 1992 WL 346435, at *2. Therefore, the Magistrate Judge orders Interrogatory #17 be answered by the Defendant as it applies to Defendant's Belvidere, Huntley and Chemung facilities in Illinois.

## Conclusion

For the reasons stated above, Plaintiff's Motion to Compel is granted in part and denied in part. Defendant's are ordered to respond to Plaintiff's Interrogatory #17 as it applies to Defendant's Belvidere, Huntley and Chemung facilities in Illinois.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 4/21/02